R. L. BRIGHT *v.* L. P. BRIGHT.

JUDICIAL SALES.  *Opening biddings.*  The biddings at judicial sales are
    opened for the benefit of the litigants, not of third persons, and an
    application was properly refused where the complainant's debt was
    paid by the bid, and the purchaser was the owner of the property.

FROM LINCOLN.

Appeal from the Chancery Court at Winchester.
JNO. W. BURTON, Ch.

Bright *v.* Bright.

HOLMAN & HOLMAN for complainant.

LAMB & TILLMAN for defendant.

COOPER, J., delivered the opinion of the court.

Bill to enforce a lien of a vendor expressly reserved on the land for a balance of unpaid purchase money. The debt was ascertained by decree, and the land ordered to be sold in satisfaction thereof and the costs. The land was accordingly sold by the clerk, and bought by Hannah B. Wilson at the full amount of the lien debt, and all costs, and the complainant accepted the money. The clerk made a report of the sale for confirmation, when one A. S. Thomas presented a petition to open the biddings, offering an advance of over ten per cent on the purchaser's bid. The chancellor at first opened the biddings as of course, but afterwards, upon the petition of Wilson, the purchaser, made at the same term, rescinded the order opening the biddings, reserving the question for further consideration. Thomas answered the Wilson petition, and evidence was adduced and filed by the parties. Upon final hearing the chancellor refused to open the biddings, and confirmed the sale. Thomas appealed, and the Referees have reported in favor of affirming the chancellor's decree. Thomas excepts to the report.

The land was originally sold by one Bonner to Bright & Sons and others by deed, reserving a lien for the purchase money. By mesne conveyances between the purchasers, the title to the land became

vested in Bright & Sons, and they sold and conveyed
to defendant, L. P. Bright, by deed, retaining a lien
for the payment of the purchase money to Bonner,
which L. P. Bright agreed to pay as part of the con-
sideration of the sale to him.    The residue of the
consideration was paid or discharged.    Afterwards L. P.
Bright conveyed the land to Hannah B. Wilson in
mortgage to secure a debt of about $4,000, with cov-
enants of seizin, right to convey, and, except as to
the Bonner debt, general warranty.    The mortgage
debt not being paid, Wilson filed a bill to foreclose,
under which the land was sold and bought by her at
the amount then due upon her debt, and all costs,
and the sale was confirmed and title vested in her.
Her deed recognized the existence of the Bonner debt,
and the sale to her was subject to the debt.    The
complainant, Bright, having paid the Bonner debt as
a member of the firm of Bright & Sons, filed the
present bill to be reimbursed the money under the lien
reserved and recognized in L. P. Bright's deed to Wil-
son.    After all these proceedings, and a day or two
before he filed his petition, Thomas took from W. J.
Bright, " as legatee, devisee and executor" of L. P.
Bright, then dead, a conveyance of all his right, title,
claim and interest in the land in controversy, includ-
ing "whatever equities of redemption" W. J. Bright
might have in the land under the sales made in the
cases of Hannah B. Wilson against L. P. Bright, and
of R. L. Bright against L. P. Bright, the last named
being the case before us.

It is obvious from the foregoing statement that the

only "right, title, claim or interest" which W. J.
Bright, as the "legatee, devisee or executor" of L. P.
Bright, deceased, had in the land at the time of his
conveyance to Thomas was the equity of redemption
which then existed to redeem the land under the fore-
closure proceedings and sale in the case of Hannah
B. Wilson against L. P. Bright. For, L. P. Bright, at
the time of the execution of his mortgage to Hannah
B. Wilson, was the absolute owner of the land, sub-
ject only to the lien for the Bonner debt, and he
conveyed the land to her with a covenant of seizin,
a covenant of a right to convey, and with a general
covenant of warranty except against the Bonner debt.
If L. P. Bright had afterwards bought the land under
the legal proceedings instituted to enforce the Bonner
lien, all he could ask would be reimbursement of the
money thus expended, and any title acquired beyond
that would have passed by virtue of his general war-
ranty to Hannah B. Wilson. If Hannah B. Wilson
paid off the Bonner debt, her title was absolute, sub-
ject only to the equity of redemption of L. P. Bright,
or his representative by law or contract, to redeem
under the foreclosure sale. R. L. Bright was only
entitled under his bill to the money he had paid.
The equity of redemption under that sale was in Han-
nah B. Wilson by virtue of her mortgage, and the
title acquired by foreclosure. And if a third person
had bought the land by bidding more than the com-
plainant's debt, she would have been entitled to the
surplus and to redeem.

The learned counsel of the appellant seems to think

that any person has an inalienable right to advance the bid at a chancery sale, and that it is the imperative duty of the court to open the biddings upon such advance under all circumstances. But in this he is clearly mistaken. Biddings are opened for the benefit of the parties litigant, not for third persons, and if one litigant has got all that he is entitled to by a sale, and the other litigant is the owner of the property, and has paid the costs, the power of the court is at an end: *Mayo* v. *Harding*, 3 Tenn. Ch., 237. The result must be the same where the complainant's claim is satisfied, and the interest of the defendant litigant in the property in controversy has been previously conveyed by him to a third person, who has become the purchaser. It is the duty of the court to terminate litigation, not to continue it to no useful purpose, nor, *a fortiori*, to lay the foundation for future litigation which can benefit no one.

Confirm the report of the Referees, and affirm the chancellor's decree. The appellant, Thomas, will pay the costs of this court, and all the costs of the chancery court which accrued after the filing of his petition.